UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
WILLIE WILLIAMS,                    :
                                    :
        Plaintiff,                  :   Civ. No. 16-1717 (NLH)
                                    :
    v.                              :   OPINION
                                    :
ATLANTIC COUNTY JUSTICE             :
    FACILITY, et al.,               :
                                    :
        Defendants.                 :
_____ :

APPEARANCES:
Willie Williams, # 243452
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Landing, NJ 08330
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Willie Williams, a pretrial detainee confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, filed this civil action asserting claims pursuant to 42 U.S.C. § 1983.  This case was previously administratively terminated due to Plaintiff's failure to satisfy the filing fee requirement. (ECF No. 3).  On or about May 23, 2016, Plaintiff filed an Amended Complaint along with a new application to proceed in forma pauperis (ECF No. 5), and the case was reopened for review by a judicial officer.  In an Order dated June 2, 2016 (ECF No. 6), this Court found Plaintiff's application to

proceed in forma pauperis to be complete, and he was granted leave to proceed without prepayment of fees. See 28 U.S.C. § 1915.

At this time the Court must screen the Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B); seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b); or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. For the reasons set forth below, the Amended Complaint will be dismissed without prejudice for failure to state a claim.

## I. BACKGROUND

In his Amended Complaint, Plaintiff asserts that he "went without receiving any insulin for 6 days in this jail which put [him] at risk for heart attack, diabetic coma, stroke, and/or death." (Am. Compl. 5, ECF No. 5). Plaintiff explains that he entered the custody of officials at the Atlantic County Justice Facility ("ACJF") on March 8, 2016. Plaintiff states that, on that date, he informed intake and medical personnel of his medical conditions; namely, that he "was a diabetic with high blood pressure." (Id. at 6). On his second day in custody at the ACJF, March 9, 2016, Plaintiff contends he was seen by an

2

unnamed doctor who inquired about Plaintiff's medications and medical conditions. Plaintiff states that he reported to this doctor that he "was diabetic with high blood pressure," and also that he had back injuries, including 2 herniated discs, and a nerve condition in his neck. (Id.).

Plaintiff reported the types and dosages of the two insulins he took, and he gave the name of his outside doctor and pharmacy so his medications could be verified. (Id.). On March 11, 2016, Plaintiff states that he "saw the doctor again and ask[ed] about [his] med[ication], at which time she told [him] she had ordered [his] med[ication]." (Id.). When Plaintiff informed her that he had not yet received any medication, the doctor told him she would look into it. On March 13, 2016, Plaintiff also asked the nurses about his medication, and they informed him that they had lost his chart. Plaintiff contends that, "[t]hey did not give me any insulin until day 5 [March 13, 2016]," and he asserts that he was given the improper type and dosage of insulin. (Id.). Finally, on March 15, 2016, Plaintiff states that he was given 20 units of Lantus, the type of insulin he used prior to being taken into custody.

Plaintiff also complains that he was placed in a cell with an inmate who had just been treated for scabies and, a few days later, Plaintiff had to be treated for scabies.

Plaintiff brings this Amended Complaint asserting claims under 42 U.S.C. § 1983 (id. 2), and he seeks a total of $120 million in damages (id. at 6). He names as defendants the Atlantic County Justice Facility, Warden Cohen, and Debbie Shepard — the director of nursing. (Id. at 4).

## II.   STANDARDS OF REVIEW

### A. Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the

4

grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Fair Wind Sailing, Inc. v. Dempster</u>, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" <u>Bistrian v. Levi</u>, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements

5

of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citations omitted).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

Finally, in determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

6

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DISCUSSION

A. Claims against Atlantic County Justice Facility

Plaintiff has named the ACJF as a defendant in his Complaint. A jail, however, is not a "person" amenable to suit under § 1983. See Seagraves v. Treachler, No. 15-7801, 2016 WL 1223300, at *4 (D.N.J. Mar. 29, 2016) (citing Grabow v. Southern State Corr. Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983)); Owens

7

v. Armstrong, No. 15-4911, 2016 WL 1117945 (D.N.J. Mar. 22, 2016) (same).  Accordingly, this Court will dismiss with prejudice all claims against the Atlantic County Justice Facility.

 B. Claims Against Warden Cohen and Debbie Shepard[1]

  Plaintiff does not make any factual allegations in his Amended Complaint with respect to these two defendants.  He explains that he believes the Warden is liable because the warden "did not see that [Plaintiff] received proper medical care and safe housing while [Plaintiff] was in his/her custody;" and that Defendant Shepard is liable because she "did not see that [Plaintiff] received [his] insulin or blood pressure med[ication] in a timely manner." (Am. Compl.4, ECF No. 5).

  The Third Circuit has consistently held that "a plaintiff must demonstrate a defendant's 'personal involvement in the alleged wrongs" in order set forth a claim under § 1983.  Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207

---

[1] Plaintiff lists this defendant in his Amended Complaint as "CFG Health Systems, Debbie Shepard, D.O.N." and defines this defendant's official position as "director of nursing/healthcare provider." (Am. Compl. 4, ECF No. 5).  To the extent Plaintiff means to also name CFG Health Systems as a separate, fourth defendant in this action, his constitutional claims against this defendant are denied for the same reasons set forth above. See Rode, 845 F. 2d at 1207 (the doctrine of respondeat superior is not a basis for liability under § 1983).

8

(3d Cir. 1988)). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct. Id.; Tenon v. Dreibelbis, 606 F. App'x 681, 688 (3d Cir. 2015) (§ 1983 claims may not be based on vicarious liability, each defendant must have "personal involvement, including participation, or actual knowledge and acquiescence, to be liable"); Batts v. Giorla, 550 F. App'x 110, 112 (3d Cir. 2013) (same).

Because Plaintiff has not alleged any facts which suggest either Defendant Cohen or Defendant Shepard had any personal involvement in, or knowledge of, the six-day delay in Plaintiff receiving his medication, Plaintiff has failed to sufficiently plead causes of action against them. Therefore, the claims against Defendants Cohen and Shepard will be dismissed without prejudice.

### IV. CONCLUSION

For foregoing reasons, the Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Specifically, Plaintiff's claims against the Defendant Atlantic County Justice Facility will be dismissed with prejudice; and Plaintiff's claims against Defendants Cohen and Shepard will be dismissed without prejudice. Because it is possible that Plaintiff may be

9

able to amend or supplement his complaint with facts sufficient to overcome the deficiencies noted herein, Plaintiff shall be given leave to file an application to reopen accompanied by a proposed amended complaint.[2]  See Denton, 504 U.S. at 34; Grayson, 293 F.3d at 108.

An appropriate Order will be entered.

                                              ___s/ Noel L. Hillman_____
                                              NOEL L. HILLMAN
                                              United States District Judge

Dated: July 28, 2016
At Camden, New Jersey

---

[2] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.